IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DEBRA PANIAGUA,

    Plaintiff,

  v.

COUNTY OF ALAMEDA, et al.,

    Defendants.
_____/

No. C 10-01981 CW

ORDER GRANTING
DEFENDANTS'
MOTION TO DISMISS
(Docket No. 20)

    Defendants County of Alameda, Karen Benjamin, Melissa Turner, Celeste Drummond and Denise Smith move to dismiss Plaintiff Debra Paniagua's complaint.  Plaintiff opposes the motion in part.  The motion was taken under submission on the papers.  Having considered the papers submitted by the parties, the Court GRANTS Defendants' motion.

## BACKGROUND

    The following allegations are contained in Plaintiff's amended complaint.

    In January, 2008, Plaintiff discovered that she was pregnant.  The pregnancy resulted from a rape.  In March, 2008, she decided that she would attempt to give the child up for adoption.  However, the child's father did not sign the "waiver forms for adoption."  Am. Compl. ¶ 15.

    While receiving prenatal care at a hospital, Plaintiff befriended a woman named Olivia A., who became interested in adopting Plaintiff's child.  Olivia A. hired an attorney and took steps toward adopting Plaintiff's child.

On May 3, 2008, Plaintiff gave birth to a boy, who was born in good health and without complications. That same day, an anonymous caller contacted a "child abuse hotline" and reported that "plaintiff had told hospital staff that plaintiff did not intend to keep minor but had made arrangements for the minor to be adopted by Olivia A." Am. Compl. ¶ 17.

On May 4, 2008, Plaintiff's child was "placed into protective custody without a warrant" by Defendants Drummond and Benjamin, social workers employed by the County. Am. Compl. ¶ 18. On or about May 6, 2008, Defendants Turner and Smith, also social workers employed by the County, "detained and removed [Plaintiff's child] without a warrant" and placed the child "into foster care with strangers." Id. ¶ 19. Also on May 6, Turner and Smith filed a petition, indicating that Plaintiff was not able to meet her child's needs and that she wanted to give the child up for adoption. In the accompanying petition and detention report, Turner and Smith identified Olivia A. as a prospective adoptive parent "and a potential placement" for the child while he was in custody of the County. Id. ¶ 22.

On May 7, 2008, a hearing was held in Alameda County Superior Court on the County's petition. The petition was dismissed.

On May 7, 2010, Plaintiff filed this lawsuit. On September 13, 2010, Defendants moved to dismiss Plaintiff's original complaint. Plaintiff opposed Defendants' first motion to dismiss only after the Court warned her that her claims would be dismissed for failure to prosecute if she failed to file an opposition by a date certain. Plaintiff's opposition was a three-paragraph

1 response, which simply sought leave to amend.  On November 2, 2010,
2 the Court dismissed Plaintiff's complaint, granting her leave to
3 amend her complaint to cure the deficiencies identified in
4 Defendants' first motion to dismiss.

5     Plaintiff's amended complaint, which was not signed, asserts
6 claims under 42 U.S.C. § 1983 for alleged deprivations of her
7 rights "not to be deprived of liberty without due process of law,"
8 "to be free from unreasonable interference with parent-child
9 relationships," and "to procedural due process."  Am. Compl. ¶ 26.
10 The Court understands these to be claims for violations of her
11 Fourteenth Amendment rights to procedural and substantive due
12 process.  Plaintiff also alleges Defendants violated her Fourth
13 Amendment "right to be free from unreasonable searches and
14 seizures."  Id.  In addition, she claims that Defendants violated
15 her "right to be free from arbitrary intrusions on [her] physical
16 and emotional well-being."  Id.  Finally, she brings a claim for
17 municipal liability under § 1983 against the County, which could be
18 brought only in accordance with <u>Monell v. Department of Social</u>
19 <u>Services</u>, 436 U.S. 658 (1978).

20     On December 7, 2010, Defendants moved to dismiss Plaintiff's
21 amended complaint.  Again, Plaintiff opposed Defendants' motion to
22 dismiss only after the Court warned her that her claims would be
23 dismissed for failure to prosecute if she did not file a timely
24 opposition.

25                             LEGAL STANDARD
26    A complaint must contain a "short and plain statement of the
27 claim showing that the pleader is entitled to relief."  Fed. R.
28

Civ. P. 8(a). Dismissal under Rule 12(b)(6) for failure to state a claim is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true. Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949-50 (2009) (citing Twombly, 550 U.S. at 555).

DISCUSSION

In her three-page, unsigned "response" to Defendants' motion to dismiss, Plaintiff does not address their arguments that she was not subjected to a search or seizure and she lacks standing to assert claims for violations of her child's Fourth Amendment rights. Nor does she address Defendants' assertion that she cannot seek § 1983 liability for alleged intrusions on her "physical and emotional well-being" because such conduct does not violate rights afforded by the United States Constitution. Accordingly, Plaintiff's § 1983 claims are dismissed with prejudice, to the extent they are based on violations of the Fourth Amendment and of the right to be free from intrusions on her physical and emotional well-being.

Defendants also argue that Plaintiff's claims are barred by

4

the statute of limitations. "The statute of limitations applicable to an action pursuant to 42 U.S.C. § 1983 is the personal injury statute of limitations of the state in which the cause of action arose." <u>Alameda Books, Inc. v. City of L.A.</u>, ___ F.3d ___, 2011 WL 258089, at *7 (9th Cir.) (citing <u>Wallace v. Kato</u>, 549 U.S. 384, 387 (2007)). In California, the limitations period on personal injury claims is two years. Cal. Civ. Proc. Code § 335.1; <u>Alameda Books, Inc.</u>, 2011 WL 258089, at *7 n.8. "Although California law determines the <u>length</u> of the limitations period, federal law determines when a civil rights claim <u>accrues</u>." <u>Lukovsky v. City & Cnty. of S.F.</u>, 535 F.3d 1044, 1048 (9th Cir. 2008) (citation omitted; emphasis in original). Federal law provides that, generally, "a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." <u>Id.</u> (citation and internal quotation marks omitted); <u>see also</u> <u>Wallace</u>, 549 U.S. at 388. An exception to this rule exists with respect to claims for false imprisonment or false arrest, which is a subspecies of the former. <u>Wallace</u>, 549 U.S. at 389. The "statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." <u>Id.</u> at 397.

As noted above, Plaintiff's child allegedly was placed into "protective custody" on May 4, 2008 and into foster care on May 6, 2008. Plaintiff's lawsuit, however, was filed on May 7, 2010. Relying on <u>Wallace</u>, Plaintiff argues that her claims are not time-barred because they accrued at the time of the state court hearing

5

on May 7, 2008. However, <u>Wallace</u> was limited specifically to claims for false imprisonment; it did not displace the general rule that a claim accrues when a plaintiff knows or has reason to know of the injury that is the basis for a claim. Here, Plaintiff has not plead a claim for false imprisonment in violation of the Fourth Amendment, nor do her allegations suggest that she was unlawfully detained. Instead, her remaining theories of liability concern alleged violations of her procedural and substantive due process rights, which appear to be based on the individuals Defendants' conduct on May 4 or May 6. Because these acts took place outside of the two-year limitations period imposed under California law, Plaintiff is barred from recovering for them.

Accordingly, Plaintiff's § 1983 claims against the individual Defendants and the County are dismissed as time-barred. Plaintiff does not suggest that she is entitled to tolling of the statute of limitations. Thus, amendment of these claims would be futile and leave to amend is denied.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss Plaintiff's complaint. (Docket No. 20.) Plaintiff did not respond to Defendants' arguments that her § 1983 claims fail as a matter of law, to the extent that they are based on violations of the Fourth Amendment and her right to be free from intrusions on her "physical and emotional well-being"; accordingly, her § 1983 claims, to the extent that they rest on these bases, are dismissed with prejudice. In addition, Plaintiff's claims are barred by the statute of limitations. Because Plaintiff does not suggest that

6

she is entitled to the tolling of the statute of limitations, amendment of these claims would be futile and leave to amend is denied.

The Clerk shall close the file.

IT IS SO ORDERED.

Dated: 2/11/2011

CLAUDIA WILKEN
United States District Judge